UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil Case No.: 24-cv-2051 DWF/DJF

_____

Kristi VonDeylen,

      Plaintiff,

v.

Aptive Environmental LLC,

      Defendant.

**AMENDED CLASS ACTION COMPLAINT**
**WITH JURY TRIAL DEMANDED**

_____

## INTRODUCTION

1. Plaintiff Kristi VonDeylen ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of Defendant Aptive Environmental LLC ("Defendant") in negligently, and/or willfully contacting Plaintiff through telephone calls on Plaintiff's cellular telephone and by calling her number listed on the National Do Not Call Registry, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

2. The TCPA strictly forbids nuisance phone calls and text messages exactly like those alleged in this Complaint – intrusive phone calls and text messages to phone

numbers placed to consumers who registered their phone on the National Do Not Call registry ("DNC") and to consumers who have demanded that the calls stop.

3. As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

4. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

5. A listing on the Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." *Id*.

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). 9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

7. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

8. Plaintiff and members of the Class suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Defendant's conduct, and is likely to be redressed by a favorable decision in this action.

9. Plaintiff seeks an injunction stopping Defendant from making unsolicited phone calls to numbers on the DNC and from internal do not call lists and from sending unsolicited text messages, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

10. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for text messages in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to different states than that of Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

11. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

13. Plaintiff is, and at all times mentioned herein was, a resident of Anoka County, State of Minnesota. Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

14. Defendant maintains its corporate office at 5132 N 300 Suite 150, Provo, UT 84604, and is a "person" as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant has conducted business in the state of Minnesota and within this judicial district. The defendant has a registered agent in Minnesota of Business Filings Incorporated, 1010 Dale St N, St. Paul, MN 55117.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §§ 227 *et seq.*

15. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),1 in response to a growing number of consumer complaints regarding certain telemarketing practices.

16. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

17. According to findings by the Federal Communication Commission

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).

("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

18.  Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

19.  A text message is a call under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

> In the 9th Circuit case of *Marks v Crunch San Diego, LLC* the Court held:
>
> The U.S. Court of Appeals for the Ninth Circuit rejects the argument that a device cannot qualify as an automatic telephone dialing system unless it is fully automatic, meaning that it must operate without any human intervention whatsoever. By referring to the relevant device as an "automatic telephone dialing system," Congress made clear that it was targeting equipment that could engage in automatic dialing, rather than equipment that operated without any human oversight or control. 47 U.S.C.S. § 227(a)(1).

*Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883, at *1 (9th Cir. 2018).

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

20. As more Americans began carrying cellular telephones in the 1990s, Congress sought to limit the potential for constant harassment posed by telemarketers and "automatic telephone dialing systems"— commonly called "robodialers."

21. The TCPA was enacted to this end. Among other abusive actions, the TCPA prohibits anyone from calling a cell phone using a robodialer, an automated voice, or a pre-recorded message.

22. Despite the protections afforded by the TCPA, industry practices remain relatively unchanged. Robodialing continues to increase dramatically year-over-year, and robodialing is estimated to now comprise *half* of all cell phone calls in the United States. See Brian Fung, "Report: Americans got 26.3 billion robocalls last year, up 46 percent from 2017." Wall Street Journal, January 29, 2019.

## FACTS

23. On February 1, 2006, Plaintiff's cellular telephone number was put on the DNC registry.

24. The National DNC registry was created and implemented in July 2003.

25. On May 29, 2020, Plaintiff sought and consented to pest control services with Defendant, customer number#1670876.

26. The contract with Defendant had them performing quarterly services for Plaintiff for the duration of twelve (12) months.

27. On the "Welcome Checklist," dated May 29, 2020: Plaintiff signed with Defendant, she did NOT consent to receiving text messages:

**[ ]** I agree that Aptive may call, text, and email me for marketing or other purposes at the phone number(s) and email address(es) I provide to Aptive. I authorize Aptive to record calls and use an automated dialing system or prerecorded voice for calls and texts (message and data rates may apply). I understand this consent is not required to obtain Aptive's services and that failure to provide consent does not negate Aptive's ability to manually call or text me in accordance with applicable laws.

28.     Plaintiff did NOT check [] the above agreement.

29.     Moreover, this agreement again confirmed that the term of service was limited to twelve (12) months.

30.     After January 12, 2021, Defendant just stopped coming and performing services and Plaintiff did not pay for their services after that date.

31.     The service contract between the parties had, therefore, ended and expired.

32.     Out of nowhere on June 2, 2023, at 10:17 a.m., Plaintiff received an automated text from Defendant asking her to set up "autopay" from the number 612-662-2847.

33.     Defendant did not obtain express consent from Plaintiff prior to sending Plaintiff the unsolicited text message.

34.     These unsolicited text messages placed on Plaintiff's wireless telephone were placed via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which could produce or store numbers randomly or sequentially, and to dial such numbers, to place text message calls to Plaintiff's cellular telephone.

35. Plaintiff replied "[S]top," and received an automated response text stating that she had been unsubscribed.

36. Then at 9:33 a.m. CST on November 23, 2023, Thanksgiving morning, Plaintiff received another automated text message from Defendant that she had an upcoming appointment on November 27, 2023.

37. Plaintiff again replied "[S]top," and received an automated response text stating that she had been unsubscribed from 62318.

38. Later that same day at 10:52 a.m. CST on November 23, 2023, Plaintiff received another text message.

39. Defendant's representative's text message violated the TCPA's time restrictions, 8:00 a.m. to 9:00 p.m. local time, 47 U.S.C. § 227(2)(G).

40. Then again, on November 27, 2023, at 7:22 a.m. CST, Plaintiff received another personal text message from Defendant's technician, Anna, telephone number 952-200-7448, stating that she would be at Plaintiff's house for service around 8:00 a.m. that morning.

41. Defendant's representative's text message was in violation of the TCPA's time restrictions, 8:00 a.m. to 9:00 p.m. local time, 47 U.S.C. § 227(2)(G).

42. Plaintiff immediately responded and told Defendant's representative, Anna, that she never asked for this service.

43. The defendant's representative, Anna, apologized and stated there was a glitch in the Defendant's system that added people from years ago.

44. Plaintiff received another automated text message from Defendant on November 27, 2023, at 9:02 a.m. CST that she had an upcoming appointment that day.

45. Plaintiff again replied, "[S]top," and received an automated response text stating that she had been unsubscribed from 62318.

46. That same day, November 27, 2023, Plaintiff received a direct text message from Defendant's representative from telephone number 651-571-4776, stating that Defendant went ahead and closed Plaintiff's account since her home had not been serviced since 2021.

47. Defendant has ignored Plaintiff's explicit and repeated instructions to cease texting her.

48. Defendant thus willfully and knowingly violated 47 U.S.C. § 227(b)(1).

49. Plaintiff was stressed and harassed by the Defendant's calls to her cellular telephone, and by her inability to stop these calls, as is her right by statute.

50. The TCPA provides the following remedy for its violation:

*"A person or entity may, if otherwise permitted by the law or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection . . . to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."*

47 U.S.C. § 227(b)(3).

51. Plaintiff is entitled to actual damages in an amount to be determined at trial or statutory damages of $1,500 per each of Defendant's telephone calls violating the TCPA, whichever is greater, under 47 U.S.C. § 227(b)(3).

## CLASS ACTION ALLEGATIONS

52. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

**Do Not Call Registry Class:**
*All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent or vendor acting on behalf of the Defendant) called and/or sent a text message more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for whom Defendant claims it obtained the person's number in substantially the same manner it obtained Plaintiff's number.*

**Internal Do Not Call Class:**
*All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent or vendor acting on behalf of the Defendant) called and/or sent a text message more than one time, (2) within any 12-month period, (3) at least one call after they requested that Defendant stop calling.*

The following are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has

been fully and finally adjudicated and/or released. Plaintiff DeLorme anticipates the need to amend the Class definitions following appropriate discovery.

53. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones by using unsolicited telephone calls and text messages to lines on the DNC list and/or on Defendant's internal do not call list, thereby causing Plaintiff and the Class members to incur certain telephone charges or reduce telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

54. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

55. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Classes can be identified through Defendant's records or Defendant's agents' records.

56. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the

Classes predominate over questions which may affect individual Class members, including the following:

 a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed solicitation telephone calls and/or text to recipients and on the DNC or internal call list;
 b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
 c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

57. As a person that received, within any 12-month period, a phone call and text message when his number had been listed on the National Do Not Call Registry for at least thirty days and who requested that Defendant cease all communications to his phone number, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

58. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

59. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

60. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

61. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## JURY DEMAND

62. Plaintiff hereby demands a trial by jury on all issues so triable.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §§ 227 *ET SEQ.*

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls,

except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

61. The foregoing acts and omissions of Defendant Pinnacle and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

62. As a result of Defendant and its agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §§ 227 *ET SEQ.*

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

66. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

67. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

68. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### INVASION OF PRIVACY

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. Defendant intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs throughout its collection mission, whereby it placed telephone text messages to Plaintiff's telephone despite receiving her explicit instruction to cease all calls/text messages.

71. Defendant's intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

72. Plaintiff had a legitimate expectation of privacy in her solitude, seclusion, and private concerns and affairs.

73. As a result of Defendant's intrusion, Plaintiff has suffered emotional distress and out-of-pocket loss and is entitled to an award of actual damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

1. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

2. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

3. Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.*

4. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

5. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

6. Any other relief the Court may deem just and proper.

**THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY.**

1. As a result of Defendant's Invasion of Plaintiff's privacy, Plaintiff seeks for herself an award of actual and punitive damages caused by Defendant's illegal intrusion upon Plaintiff's seclusion.

2. Any other relief the Court may deem just and proper.

Dated this 16th day of July 2024.

Respectfully Submitted,

By: *s/Thomas J. Lyons Jr.*

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Carter B. Lyons, Esq.
Attorney I.D. #: 0403655
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*