UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **Kristi VonDeylen,** | : | |
| | : | Case No. 0:24-cv-02051-DWF-DJF |
| **Plaintiff,** | : | Judge Donovan W. Frank |
| vs. | : | Magistrate Judge Dulce J. Foster |
| **Aptive Environmental, LLC,** | : | |
| | : | |
| **Defendant.** | | |

**DEFENDANT APTIVE ENVIRONMENTAL, LLC'S MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS PENDING ARBITRATION**

Plaintiff instituted this class action lawsuit against Defendant, alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"). (Compl., ECF No. 1.) In response to the original Complaint, Defendant moved to compel arbitration as related to Plaintiff's original Complaint. (ECF No. 7.)

Thereafter, Plaintiff filed her First Amended Class Action Complaint ("FAC") on July 16, 2024. (ECF No. 15.) The amended allegations in Plaintiff's FAC fail to cure the fact that Plaintiff's claims are subject to mandatory and binding arbitration. Accordingly, Defendant Aptive Environmental, LLC ("Aptive") respectfully renews its Motion for the Court to order arbitration and stay this proceeding pending arbitration.

1

## I.   BACKGROUND AND STATEMENT OF FACTS AS ALLEGED IN THE FIRST AMENDED COMPLAINT

Plaintiff alleges that between June and November 2023, she received reminder text messages from Aptive regarding upcoming service appointments when she was on the National Do Not Call Registry. (ECF No. 15 at ¶¶ 32, 36, 38, 40, 44, 46.) Plaintiff alleges these reminder text messages violated the TCPA.

Prior to receiving these reminders, on May 26, 2020, Plaintiff Kristi VonDeylen signed and agreed to a Service Agreement with Aptive for pest treatments at her home in Oak Grove, Minnesota (the "Aptive Agreement"). (ECF No. 15 at ¶¶ 25-26; *see also* the "Aptive Agreement" attached as Ex. A to the accompanying Declaration of Nathan B. Wilcox (("Wilcox Decl."); Wilcox Decl. at ¶ 3.)  The Aptive Agreement included a comprehensive arbitration provision requiring the submission of any dispute to arbitration in accordance with applicable law.

In relevant part, the arbitration language provides as follows:

> **ARBITRATION. READ THIS ARBITRATION PROVISION CAREFULLY. IT AFFECTS YOUR LEGAL RIGHTS IF THERE IS A DISPUTE.**
>
> Unless you reject this arbitration provision in the manner specified below, any controversy, dispute or claim between you and the Aptive arising out of or relating to this Agreement, or the services performed by Aptive under this Agreement or any other agreement, or the relationship between you and Aptive resulting from any of the foregoing, including tort, contract, equitable and statutory claims, and any claims for personal or bodily injury or damage to real or personal property, regardless

of whether the controversy or claim arose before or after the execution, transfer or acceptance of this Agreement, shall be settled by binding arbitration. However, disputes regarding the scope and enforceability of this arbitration provision shall be determined by a court, not an arbitrator. Also, individual small claims court actions are not subject to this arbitration provision as long as they remain in that court.

*IF A CLAIM IS ARBITRATED, YOU AND APTIVE WAIVE ANY RIGHT TO A COURT OR JURY TRIAL. YOU AND APTIVE ALSO WAIVE THE RIGHT TO PARTICIPATE IN A CLASS ACTION, PRIVATE ATTORNEY GENERAL ACTION OR OTHER REPRESENTATIVE ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE OR CLASS MEMBER OR TO JOIN OR CONSOLIDATE CLAIMS WITH CLAIMS OR ANY OTHER PERSONS (THE "CLASS ACTION WAIVER"). NO ARBITRATOR SHALL HAVE AUTHORITY TO CONDUCT ANY ARBITRATION IN VIOLATION OF THIS PROVISION OR TO ISSUE ANY RELIEF THAT APPLIES TO ANY PERSON OR ENTITY OTHER THAN YOU AND/OR APTIVE INDIVIDUALLY.*

**This arbitration provision shall survive the termination of this Agreement and any bankruptcy to the extent consistent with applicable bankruptcy law.** (Emphasis added.)

> *IF YOU DO NOT WANT THIS ARBITRATION PROVISION TO APPLY, YOU MAY REJECT IT BY MAILING A SIGNED REJECTION NOTICE TO APTIVE ENVIRONMENTAL, LLC, ATTN: ARBITRATION OPT OUT, 5132 N 300 W #150, PROVO, UT 84604 WITHIN THIRTY (30) CALENDAR DAYS AFTER THE DATE OF THIS AGREEMENT. ANY REJECTION NOTICE MUST INCLUDE YOUR NAME, ADDRESS, EMAIL ADDRESS AND TELEPHONE NUMBER AND STATE THAT YOU REJECT THE ARBITRATION PROVISION. IF YOU REJECTTHIS ARBITRATION PROVISION, THAT WILL NOT AFFECT ANY OTHER PROVISION OF THE AGREEMENT.*

(Ex. A (emphasis in original); Wilcox Decl. at ¶ 3.)

Moreover, the Aptive Agreement specifically provides that Aptive may contact Plaintiff for purposes of appointment reminders:

> EMAIL AND PHONE NUMBER NOTIFICATIONS; PRIVACY POLICY: I request that Aptive send me notifications via email, text message, and/or phone call using the cell phone number, land line number, and/or emails that I provided to Aptive, to (i) provide me with any required notices regarding pesticides applied to my property pursuant to 8 CCR 1203-2, (ii) schedule and/or confirm service times and dates, and/or (iii) to communicate with me regarding my account (including, without limitation, to collect outstanding or post due amounts that I owe to Aptive).

(Ex. A at Section 12; Wilcox Decl. at ¶ 3.)

Plaintiff's FAC references her agreement with Aptive and alleges that the Aptive Agreement had expired and ended at the time she received the alleged texts. (ECF No. 15 at ¶ 13.) However, Plaintiff's FAC otherwise fails to state any facts negating the enforceability of the Agreement, its arbitration provision, class waiver provision or consent

4

to contact provisions contained in the Aptive Agreement. (Ex. A) Indeed, the Aptive Agreement specifically states: "This arbitration provision shall survive the termination of this Agreement and any bankruptcy to the extent consistent with applicable bankruptcy law." (Ex. A.)

Moreover, at no time did Plaintiff mail a rejection notice to Aptive rejecting the arbitration provision. (Wilcox Decl. at ¶ 4.) Accordingly, and for the reasons explained below, the Aptive Agreement and its arbitration provisions are fully enforceable, just as any other contract is enforceable.

## II.     LAW AND ARGUMENT

### A.     The Court may consider the Aptive Agreement as extrinsic evidence when issuing a ruling on Defendant's Motion to Compel Arbitration.

In the Eighth Circuit a motion to compel arbitration is properly analyzed under either Rule 12(b)(6) or 56 of the Federal Rules of Civil Procedure. *NCMIC Ins. Co. v. Allied Pros. Ins. Co.*, No. 22-CV-2018 (PJS/DTS), 2023 WL 6282743, at *2 (D. Minn. Sept. 26, 2023), quoting *City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017). When the parties have introduced matters outside of the pleadings, application of the summary-judgment standard is appropriate. *NCMIC Ins. Co.* at *2 (internal docket references omitted), citing *Neb. Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 741 (8th Cir. 2014). Defendant, as the moving party, bears the burden of proving that there was a valid and enforceable agreement to arbitrate. *Duncan v. Int'l Markets Live, Inc.*, 20 F.4th 400, 402 (8th Cir. 2021), citing S*hockley v. PrimeLending*, 929 F.3d 1012,

5

1017 (8th Cir. 2019). Accordingly, Defendant properly submits the Aptive Agreement for consideration by the Court in connection with this Motion. See *NCMIC Ins. Co.* at *2.

      B.    <u>The Federal Arbitration Act applies here and favors the enforceability of arbitration agreements.</u>

Moreover, the construction of an agreement to arbitrate is governed by the Federal Arbitration Act ("FAA") unless the agreement expressly provides that state law should govern. *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720 (8th Cir. 2001). The Aptive Agreement is silent as to which state law applies. (*See, generally* Ex. A.) Therefore, the Federal Arbitration Act applies here.

Arbitration agreements are favored by federal law and will be enforced under the Federal Arbitration Act as long as a valid agreement exists, and the dispute falls within the scope of that agreement. *Anhui Powerguard Tech. Co., Ltd. v. DRE Health Corp.*, 95 F.4th 1146, 1149 (8th Cir. 2024), quoting *Shockley* at 1017. Thus, the Court must determine whether a valid arbitration agreement exists between the parties and, if so, whether the subject matter of the dispute falls within the scope of the arbitration clause. *Nebraska Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 740 (8th Cir. 2014), citing *Koch v. Compucredit Corp.*, 543 F.3d 460, 463 (8th Cir. 2008). If the Court finds a valid arbitration agreement, Section 3 of the Federal Arbitration Act mandates a stay when "the issue involved in such suit or proceeding is referable to arbitration." *Breadeaux's Pisa, LLC v. Beckman Bros.*, 83 F.4th 1113, 1117 (8th Cir. 2023), quoting 9 U.S.C. § 3.

The primary goal of contract interpretation is to determine and enforce the intent of the parties. *Michaels Stores, Inc. v. Sun Life Assurance Co. of Canada*, 413 F. Supp. 3d 854, 857 (D. Minn. 2019), quoting *Motorsports Racing Plus, Inc. v. Arctic Cat Sales, Inc.*, 666 N.W.2d 320, 323 (Minn. 2003). If the court determines that the contract language is unambiguous—meaning it has only one reasonable interpretation—it will give effect to that language and determine the parties' intent "from the language of the written contract alone." *Michaels Stores, Inc.* at *857, quoting *Minn. Vikings Football Stadium, LLC v. Wells Fargo Bank, Nat'l Ass'n*, 193 F. Supp. 3d 1002, 1011 (D. Minn. 2016). The determination as to whether a contract is unambiguous is a question of law for the Court. *Michaels Stores, Inc.* at *856. Because of the presumption that the parties intended the language used to have effect, courts "attempt to avoid an interpretation of the contract that would render a provision meaningless." *Michaels Stores, Inc.* at *857 (D. Minn 2019); see also *Qwinstar Corp. v. Anthony*, 882 F.3d 748, 755 (8th Cir. 2018) (internal quotations omitted).

    C.    <u>Ms. VonDeylen's agreement to arbitrate is a valid, enforceable contract requiring she arbitrate any claims.</u>

Section 2 of the FAA provides that "[a] written provision in any ... contract ... to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has stated repeatedly that this provision establishes a liberal federal policy favoring arbitration agreements. *Owen v.*

7

*Bristol Care, Inc.*, 702 F.3d 1050, 1052 (8th Cir. 2013) (internal citations omitted). As such, "Section 2 requires courts to enforce arbitration agreements according to their terms." *Owens* at *1052 citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).

The Federal Arbitration Act creates a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act. *Donaldson Co. v. Burroughs Diesel, Inc.,* 581 F.3d 726, 731 (8th Cir. 2009), quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). However, when deciding whether the parties agreed to arbitrate a certain dispute, courts generally apply ordinary state law principles that govern the formation of contracts. *Donaldson* at 731, quoting *Hudson v. ConAgra Poultry Co.,* 484 F.3d 496, 500 (8th Cir. 2007), *quoting First Options of Chicago Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

Accordingly, state contract law governs the threshold question of whether an enforceable arbitration agreement exists between parties. And, if an enforceable agreement exists, the federal substantive law of arbitrability governs whether the parties' dispute falls within the scope of the arbitration agreement. *Donaldson* at 731, citing *Daisy Mfg. Co., Inc., v. NCR Corp.,* 29 F.3d 389, 392 (8th Cir. 1994); see also *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). Under Minnesota state substantive law, contract formation requires an offer, acceptance, and consideration. *Ballou v. Asset Mktg.*

8

*Servs., LLC*, 46 F.4th 844, 851 (8th Cir. 2022), citing *Pine River State Bank v. Mettille*, 333 N.W.2d 622, 625, 627 (Minn. 1983).

Once a valid arbitration agreement is found to exist between the parties, the court must apply Federal procedural law to determine whether the specific dispute or disputes fall within the scope of that agreement. *Precision Press, Inc. v. MLP U.S.A, Inc.*, 620 F. Supp. 2d 981, 989 (N.D. Iowa 2009), citing *Pro Tech Indus., Inc. v. URS Corp.,* 377 F.3d 868, 871 (8th Cir. 2004) (other internal citations omitted). In making these determinations, courts consider the FAA manifests a "liberal federal policy favoring arbitration agreements." *Precision Press, Inc.* at *989, quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (internal quotations omitted).

Plaintiff cannot dispute that she entered into the Agreement with Aptive, which contains a mandatory arbitration agreement. The Aptive Agreement clearly evidences that Ms. VonDeylen signed and received it – which she concedes. (Ex. A.) The arbitration provision expressly requires arbitration stating that "any controversy, dispute, or claim between [Plaintiff] and Aptive arising out of or relating to this Agreement, or the services performed by Aptive under this Agreement or any other agreement, or the relationship between [Plaintiff] and Aptive resulting from any of the foregoing, including tort, contract, equitable and statutory claims, and any claims for personal or bodily injury or damage to real or personal property, regardless of whether the controversy or claim arose before or

after the execution, transfer or acceptance of this Agreement, shall be settled by binding arbitration." *Id*.  In addition, the arbitration clause in the Aptive Agreement broadly, but clearly and unambiguously, requires the parties to arbitrate, with the clear exception of certain small claims court actions, "any controversy, dispute or claim between you and Aptive arising out of or relating to this Agreement, or the services performed by Aptive under this Agreement or any other agreement, or the relationship between you and Aptive resulting from the foregoing."  (Ex. A.)

The arbitration provision must be construed in accordance with the FAA, which requires the Court to enforce the parties' arbitration agreements, compel arbitration, and stay the associated litigation.

> D. <u>Ms. VonDeylen's waiver of her right to serve as a class representative is also valid and enforceable.</u>

As outlined above, Ms. VonDeylen and Defendant entered into a valid, enforceable agreement.  As a part of the arbitration language in that agreement, Ms. VonDeylen waived her right to participate as a class representative.  (*See* Ex. A.)  As related specifically to the class action waivers, this Court may properly construe arbitration provisions liberally and stay Ms. VonDeylen's class claims pending arbitration; see *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011).

> E. <u>Plaintiff's First Amended Complaint should be stayed.</u>

Lastly, as set forth above, Plaintiff's claims are clearly subject to arbitration under the FAA and the plain language of the Aptive Agreement.  Once a court determines that

claims are subject to arbitration, the court shall stay all proceedings pending arbitration. 9 U.S.C. § 3 (providing that "the court . . . upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . **shall** on application of one of the parties stay the trial of the action") (emphasis added); see also *Breadeaux's Pisa, LLC v. Beckman Bros.*, 83 F.4th 1113, 1117 (8th Cir. 2023). Based on the foregoing, the parties' dispute is subject to mandatory arbitration, and Plaintiff's claims must be stayed pending arbitration.

### III. CONCLUSION

For the reasons set forth here, Defendant respectfully moves the Court for an Order compelling arbitration of Plaintiff's claims and staying this case pending arbitration.

Dated: July 30, 2024

**SAPIENTIA LAW GROUP, PLLC**

s/Sonia Miller-Van Oort
Sonia Miller-Van Oort (#278087)
Sheri L. Stewart (#0400254)
120 South 6th Street, Suite 100
Minneapolis, MN 55402
Phone: 612-756-7100
Fax: 612-756-7101
soniamv@sapientialaw.com
sheris@sapientialaw.com

and

/s/ *Lisa A. Messner*
Lisa A. Messner (Ohio Bar No. 0074034)
*Admitted Pro Hac Vice*
Mac Murray & Shuster, LLP

11

6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
(614) 939-9955, (614) 939-9954
lmessner@mslawgroup.com

***ATTORNEYS FOR DEFENDANT
APTIVE ENVIRONMENTAL, LLC***