UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **Kristi VonDeylen,** | : | |
| | : | Case No. 0:24-cv-02051-DWF-DJF |
| Plaintiff, | : | Judge Donovan W. Frank |
| vs. | : | Magistrate Judge Dulce J. Foster |
| **Aptive Environmental, LLC,** | : | |
| | : | |
| Defendant. | | |

**DEFENDANT APTIVE ENVIRONMENTAL, LLC'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS PENDING ARBITRATION**

In reply to Plaintiff's opposition to Defendant Aptive's Motion to Compel Arbitration and Stay Proceedings Pending Arbitration, Defendant Aptive provides the following:

**Argument**

*I. The Parties Agree on the Governing Legal Principles.*

Defendant agrees with Plaintiff's statement of governing legal principles and the two-step inquiry required by the Federal Arbitration Act. Further, Defendant states that the Agreement includes a valid agreement to arbitrate between the parties and that the dispute falls within the scope of the arbitration agreement.

1

## II. The Claims at Issue Arise Out of the Service Agreement and Are Subject to Arbitration.

Notably, Plaintiff does not assert that the Aptive Service Agreement lacks a valid agreement to arbitrate. Instead, Plaintiff argues that her claims in this case are not covered by the arbitration clause. Plaintiff cites *Keymer v. Mgmt. Recruiters Int'l, Inc.* in an effort to convince the court that the arbitration clause does not cover the claims at issue. However, in *Keymer*, the parties included specific language to exclude the controversy. Specifically, the language said, "[c]ontroversies, disputes and matters in question regarding EMPLOYER'S right to terminate this Agreement *shall be specifically excluded* from the foregoing mediation and arbitration procedure. *Keymer v. Mgmt. Recruiters Int'l, Inc.,* 169 F.3d 501, 503 (8th Cir. 1999). In stark contrast, no such exclusionary language exists in the Aptive Service Agreement at issue here.

Indeed, Plaintiff concedes that the arbitration clause between the parties is a broad clause that covers claims "arising out of or relating to" the service agreement and states claims "must be tethered to either *the underlying agreement*, the services contemplated under the agreement, or the parties' relationship. (*See* Dkt. No. 24 at 6-7 *(*emphasis added).) Plaintiff erroneously contends that her claims do not relate to, or arise from, any of those dynamics. This is not the case because Plaintiff's claims clearly arise out of the underlying agreement. But for the agreement, Plaintiff and Aptive would not have a relationship. Plaintiff's phone number would not be in Aptive's system. Plaintiff would not have ever paid Aptive for services. Under these circumstance, no doubt exists that the claims are

"tethered to the underlying agreement."

Moreover, in the "Background" section of Plaintiff's response, she states that she "expressly declined any consent to receiving text messages as she did not consent to the check box **on the agreement**." (*Id.* at 2.) While the merits of Plaintiff's telemarketing claims are not relevant at this stage of the litigation, Plaintiff herself seemingly admits that the claims arise out of the Agreement by citing to the Agreement.

Plaintiff also points out that Defendant's representative explicitly admitted that the relationship between the parties had expired, and no services were being conducted. Defendant does not deny that statement. However, Plaintiff ignores the fact that the arbitration agreement contains a survival clause, which states:

> **This arbitration provision shall survive the termination of this Agreement and any bankruptcy to the extent consistent with applicable bankruptcy law.**

(Dkt. No. 19-2 at §12 (emphasis added).)

The point of the survival clause is just that—it requires the arbitration to survive termination of the Agreement. The fact that services terminated has no bearing on Defendant's Motion to Compel Arbitration and the argument at hand. By way of example, in *W. Liberty Foods, L.L.C. v. Moroni Feed Co.*, the court looked at the plain language of the arbitration clause at issue, which did not include a specific survivability clause and explained that the court must resolve any ambiguities in favor of arbitration. *W. Liberty Foods, L.L.C. v. Moroni Feed Co.*, 753 F. Supp. 2d 881, 889 (S.D. Iowa 2010) "[W]hen

contract language is ambiguous or unclear, a 'healthy regard' for the federal policy favoring arbitration requires that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Morgan v. Smith Barney, Harris Upham & Co.*, 729 F.2d 1163, 1165 (8th Cir.1984); see also, *Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 798 (10th Cir.1995) (noting that "to acknowledge the ambiguity is to resolve the issue" in favor of arbitrability).

Unlike the cases cited above, there is no ambiguity in the matter at hand. The Agreement is not ambiguous by any stretch of the imagination; the language clearly states that the arbitration shall survive termination of the Agreement.

## **Conclusion**

For the reasons set forth in its explained in its Memorandum in Support of Motion and this Reply, Defendant respectfully moves the Court for an Order compelling arbitration of Plaintiff's claims and staying this case pending arbitration.

Dated: September 3, 2024                    **SAPIENTIA LAW GROUP, PLLC**

                                            s/ *Sonia Miller-Van Oort*
                                            Sonia Miller-Van Oort (#278087)
                                            Sheri L. Stewart (#0400254)
                                            120 South 6th Street, Suite 100
                                            Minneapolis, MN 55402
                                            Phone: 612-756-7100
                                            Fax: 612-756-7101
                                            soniamv@sapientialaw.com
                                            sheris@sapientialaw.com

                                            and

                                            s/ *Lisa A. Messner*
                                            Lisa A. Messner (Ohio Bar No. 0074034)
                                            *Admitted Pro Hac Vice*
                                            Mac Murray & Shuster, LLP
                                            6525 West Campus Oval, Suite 210
                                            New Albany, Ohio 43054
                                            (614) 939-9955, (614) 939-9954
                                            lmessner@mslawgroup.com

                                            ***ATTORNEYS FOR DEFENDANT
                                            APTIVE ENVIRONMENTAL, LLC***